UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KEVIN ROBINSON,

          Petitioner,

v.

MARY BERGHUIS,

          Respondent.
_____/

Case No. 1:04-CV-722

Hon. Richard Alan Enslen

**FINAL ORDER**

      This matter is before the Court on Petitioner Kevin Robinson's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation, which recommended that the Petition for Writ of Habeas Corpus be denied on each of the three grounds asserted. This Court now reviews both the Report and Objections *de novo*. 28 U.S.C. § 636(b)(1)(B).

      Upon such review, the Court finds that the Report should be adopted and the Objections denied for the reasons previously given. Petitioner has not shown a constitutional violation warranting relief. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000) (explaining standards); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001) (same). Petitioner's Objections are fully answered by the Report, with these few additional comments. Not only was it proper for the trial court to admit the challenged testimony and argument (supposed "character evidence," "vouching" arguments by the prosecution, and comments about cooperating witnesses), but as the Michigan Court of Appeals properly determined, other evidence--including Defendant's confession, his identification by a robbery victim, and ammunition found at his home linking him to the robbery-- which cannot be reasonably questioned, supported his conviction for the offenses. As such, any

supposed error in the admission of evidence or counsel's failure to object is properly considered harmless. *See People v. Robinson*, 2003 WL 21186650, *1 (Mich. Ct. App. May 20, 2003); *see also Strickland v. Washington*, 466 U.S. 668, 694-95 (1984) (discussing when errors of counsel are considered prejudicial under the Sixth Amendment).

Having so determined, the Court must individually examine the claims to determine whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c); *Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001). Section 2253(c) permits a certificate only when a petitioner has made a "substantial showing of the denial of a constitutional right." These words have been interpreted by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) as applying the standard given in *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). Namely, a petitioner must show "that reasonable jurists could debate whether (or . . . agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack*, 529 U.S. at 484, quoting *Barefoot*, 463 U.S. at 893, n.4.

Upon review of each of the issues, the Court determines for the reasons stated in the Report, that none of the grounds argued are "reasonably debatable" or "deserve encouragement." As such, a certificate of appealability will be denied as to all grounds asserted.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner Kevin Robinson's Objections (Dkt. No. 27) are **DENIED**, the Report and Recommendation dated January 7, 2008 (Dkt. No. 26) is **ADOPTED**, the Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DENIED WITH PREJUDICE**, and a certificate of appealability is **DENIED** as to all grounds asserted.

/s/ Richard Alan Enslen

DATED in Kalamazoo, MI:        RICHARD ALAN ENSLEN
    February 4, 2008        SENIOR UNITED STATES DISTRICT JUDGE
